## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES STANWICK WIGGINS, JR., | ) | |
| ID # 1511662, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:14-CV-4096-M (BH) |
| | ) | |
| LORIE DAVIS,[1] Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

## I. BACKGROUND

Charles Stanwick Wiggins, Jr. (Petitioner) challenges his conviction for capital murder in Cause No. F07-01032-U.[2] The respondent is Lorie Davis, Director of TDCJ-CID (Respondent).

### A.   Trial and Appeal

On August 20, 2007, the State indicted Petitioner for the capital murder of Florencia Estrada in the course of committing or attempting to commit a robbery. (Doc. 13-8 at 4-5; doc. 13-11 at 8.)[3]

---

[1] Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, she "is automatically substituted as a party."

[2] Petitioner was originally charged with capital murder in Cause No. F05-52037 in the 203rd Judicial District Court of Dallas County, Texas. (Docs. 15-10 at 3-6.) That case was dismissed on September 19, 2007, after Petitioner was indicted in Cause No. F07-01032. (*Id*. at 6.) A motion to suppress and a transcript of the hearing on the motion in Cause No. F05-52037 were included in a supplemental record in the appeal of the conviction in Cause No. F07-01032. (Docs. 15-10, 16-1 through 16-5.)

[3] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

He pleaded not guilty and was tried before a jury in the 291st Judicial District Court of Dallas

County, Texas, on September 4-7, 2007.  (Doc. 13-10 at 5; doc. 14-2 at 2-6.)

The evidence at trial was summarized by the state appellate court as follows:

Here, Jose Estrada, Florencia's husband, testified that the night Florencia was
murdered, he came home from work about 10:30 p.m.  As he walked to his
apartment, he noticed two men following him.  He opened the door to his
apartment and attempted to close and lock it.  However, the men pushed opened the door.  Both
men were holding guns, and they told him "to give them the money."  The men took
both Jose's and Florencia's wallets.  The men then ordered the Estradas to take their
clothes off.  When Florencia refused, one of the men pushed Jose into the bedroom
and pushed him to the floor.  A short time later, the other man brought Florencia into
the bedroom, she was nude at that time.  The two men then sexually assaulted
Florencia.  While the shorter man sexually assaulted Florencia, the taller of the two
men searched the closet.  When the shorter man finished assaulting Florencia, he
took her into the bathroom.  The taller man began hitting and kicking Jose in the
head, and turned his head, breaking his neck.  Eventually, both men went into the
bathroom and ran water into the bathtub.  Jose heard Florencia saying, "No, please,
no."  Jose then heard the men hitting something.  After a time, he did not hear his
wife anymore and one of the men said, "let's go now."  As they were leaving, they
felt Jose's neck and one of the men said, "he's not dead."  The men then kicked him,
hit him with a gun, and twisted his neck again.  Then, one of the men stabbed him
in the neck with a knife.  The men left and after a few minutes, Jose went into the
bathroom and found Florencia floating in the bathtub, not breathing.  Jose tried to
call the police but was unsuccessful, so he went to a nearby apartment and they
called 911.

Marshanda Smith testified she lived in the same apartment complex.  The night
Florencia was murdered, she was approached by two black males, each carrying a
backpack, who asked her if she would help them target some Mexicans to rob.  She
refused.  Later that night, she heard sirens approach the building and overheard
someone telling the police they had seen two black men with backpacks follow a
Mexican man into his apartment.  Smith notified the police she might be able to help
and then later identified appellant as one of the men who had approached her.

Additionally, the record shows that although appellant initially did not admit to
participating in the offense, he later made three statements to the police.  First, he
claimed Rhiphifeal Funches decided to rob Jose to get money for a taxi.  Appellant
stayed downstairs and looked to see if anyone was in the vicinity.  After a time, he
went into the apartment to see what was taking so long.  While he was in the
apartment, he stole a DVD player and some DVDs which he later pawned for money.
Funches came out and told appellant to leave.  He told appellant he had tied the

people up, but appellant did not know anyone had died during the robbery.  In his second statement, he told the police when he arrived in the apartment, he found Jose and Florencia nude and Jose on the floor bound.  Funches forced Florencia to the floor and raped her.  Appellant then helped Funches take Florencia into the bathroom and sat her between the toilet and the bathtub.  As appellant went to take the DVD player, he heard splashing from the bathroom.  In the third statement, appellant stated that, prior to taking Florencia into the bathroom, appellant digitally penetrated her vagina.

*Wiggins v. State*, No. 05-07-01725-CR, 2009 WL 1395928, slip op. at *3-4 (Tex. App.–Dallas, May 20, 2009).  The day after the offense, Petitioner told a friend that he committed a robbery and pistol-whipped someone.  (Doc. 14-6 at 144-45.)  The victim's DNA was on Petitioner's shirt, and he was linked to DNA obtained in a vaginal swab of the victim.  (Doc. 15-2 at 7-9; doc. 15-3 at 3-6.)

The jury found Petitioner guilty of capital murder.  (Doc. 13-10 at 5.)  The State did not seek the death penalty, and he was sentenced to life imprisonment.  (*Id*.)  The judgment was affirmed on appeal.  *Wiggins v. State*, 2013 WL 1395928.  Petitioner filed a petition for discretionary review (PDR) on August 11, 2009, and it was refused.  *Wiggins v. State*, PD-0814-09 (Tex. Crim. App. September 16, 2009).  He did not file a petition for writ of certiorari with the Supreme Court.

**B.**     **State Habeas Proceedings**

Petitioner's state habeas application was signed on November 1, 2010, and it was received by the state court on November 30, 2010.  (Doc. 17-9 at 5, 36.)  Counsel submitted an affidavit in response to Petitioner's claims of ineffective assistance of counsel.  (*Id*. at 116.)  The state habeas court issued findings of fact and conclusions of law on October 6, 2014.  (*Id*. at 108.)  On October 29, 2014, the state habeas application was denied without written order on the findings of the trial court without a hearing.  (Doc. 17-8); *see Ex parte Wiggins*, WR-82,269-01 (Tex. Crim. App. Oct. 29, 2014).

3

C.      **Substantive Claims**

On November 17, 2014, Petitioner filed a federal habeas petition, with a memorandum of

law, that raised the following grounds for relief:

(1) Counsel was ineffective for:

(a) failing to challenge for cause or peremptorily strike two jurors;

(b) failing to preserve for appellate review claims that the trial court erred by
admitting oral statements and that the arrest was a pretext;

(c) failing to raise an issue about the Petitioner's invocation of his right to remain
silent; and

(d) conceding Petitioner's guilt during closing argument without consulting with
Petitioner;

(2) Petitioner's statements were used in violation of his right to remain silent;

(3) Evidence was used that was obtained pursuant to an unlawful arrest;

(4) Evidence of extraneous offenses was used, which denied Petitioner a fair and impartial
trial.

(Doc. 3 at 7-25; doc. 5.)  Respondent filed a response on March 23, 2015.  (Doc. 12.)

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for

habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions.

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

with respect to any claim that was adjudicated on the merits in State court proceedings
unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th

5

Cir. 2000).  Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"  *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims that his trial counsel was ineffective for (1) failing to challenge for cause or peremptorily strike two jurors; (2) failing to preserve claims that the trial court erred by admitting oral statements and that the arrest was a pretext for appellate review; (3) failing to raise an issue about the Petitioner's invocation of his right to remain silent; and (4) conceding Petitioner's guilt during closing argument without consulting him.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. art. VI.  The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective.  *See Strickland*, 466 U.S. at 696.  The Court may address the prongs in any order.  *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

6

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A petitioner must "affirmatively prove prejudice." *Id.* at 693. The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain federal habeas relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

## A.     Failure to Challenge or Strike Two Jurors

Petitioner claims that counsel failed to challenge or peremptorily strike two jurors, nos. 11 and 21, because they said that they would think Petitioner was guilty if he did not testify.

The state habeas court found that the two jurors were struck by agreement, and that Petitioner did not show ineffective assistance of counsel. (Doc. 17-9 at 105-08.) The record reflects that the

7

two jurors were struck by agreement between Petitioner and the State, and they did not serve on the jury.  (Doc. 14-1 at 3; doc. 14-4 at 130.)  Petitioner has not shown deficient performance or prejudice, or that the state court's rejection of this claim was unreasonable.

## B.    Failure to Preserve Error for Appeal

Petitioner contends counsel failed to preserve claims about his arrest for appellate review.

### 1.    *Illegal Arrest*

Petitioner contends counsel failed to preserve a claim that his arrest was illegal.  On appeal, he contended the trial court erred by admitting oral statements he made after his arrest.  He argued that the arrest warrant did not show probable cause, his arrest was illegal, and the statements should have been suppressed as evidence obtained as a result of the illegal arrest.  The state appellate court stated:

> When the State introduced the complained-of statements, appellant objected that the warrant did not show probable cause. The State responded that prior to appellant's reindictment, a motion to suppress had been heard in the 203rd Judicial District Court on this issue. According to the State, that court found there was a sworn complaint filed against appellant for criminal trespass, a warrant had been issued, and the detective was aware of the warrant when he arrested appellant. However, neither the State nor appellant introduced the arrest warrant or the complaint into evidence in the 291st Judicial District Court. Because neither the arrest warrant nor the complaint were introduced into evidence, there is nothing for us to review. *See Walsh v. State*, 468 S.W.2d 453, 453 (Tex. Crim. App. 1971) (search warrant not introduced into evidence could not be considered on appeal).

*Wiggins v. State*, 2013 WL 1395928 at *1.  The state habeas court concluded that Petitioner did not show he received ineffective assistance of counsel.  (Doc. 17-9 at 106-08.)

"Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been

8

different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

The complaint/affidavit (affidavit) in support of the arrest warrant stated:

> In the name and by authority of the State of Texas, I, the undersigned affiant, do solemnly swear that I have good reason to believe and do believe, based upon my personal observation that one Charles Wiggins, Jr. on or about June 26,2004, and before the making and filing of this complaint, within the incorporated limits of the City of Irving, in Dallas County, Texas, did then and there with specific intent to commit the offense of criminal trespass, did knowingly attempt to remain on the property, to wit: 3900 Avalon Avenue, Irving, Texas, after having been told to depart and remained there without the effective consent of the resident, Princess Green, said act amounting to more than mere preparation tending but failing to effect the commission of the offense intended, and against the peace and dignity of the State.

(Doc. 16-1 at 4.)

Petitioner argues that if counsel had properly preserved the issue, the appellate court would have found that the affidavit supporting the arrest warrant lacked probable cause. (Doc. 5 at 13.) He does not specifically show how probable cause was lacking, however. The affiant stated that he personally observed the facts set out in the complaint/affidavit. The facts in the affidavit alleged the offense of criminal trespass under Texas Penal Code § 30.05, which provides that "[a] person commits an offense if the person enters or remains on or in property of another . . . , without effective consent and the person . . . received notice to depart but failed to do so." Petitioner's conclusory allegation that the supporting affidavit lacked probable cause does not show this Fourth Amendment claim was meritorious. *Miller v. Johnson*, 200 F.3d at 282. He has not shown that the state court unreasonably rejected this claim of ineffective assistance of counsel.

### 2.     *Pretextual Arrest*

Petitioner contends counsel failed to preserve a claim regarding a pretextual arrest. On appeal, he asserted that his arrest pursuant to the arrest warrant for criminal trespass was a pretext

to question him about the capital murder.  The appellate court held:

> Further, to the extent appellant is arguing on appeal that the statements should be suppressed because the arrest was a pretext, appellant did not raise that issue in the trial court. Thus, he has failed to preserve that issue for review. *See* Tex. R. App. P. 33.1.

*Wiggins v. State*, 2013 WL 1395928 at *1.  The state habeas court concluded that Petitioner did not show he received ineffective assistance of counsel.  (Doc. 17-9 at 106-08.)

Petitioner argues that had counsel preserved the issue, the result of the appeal would have been different.  (Doc. 5 at 3 at 11.)  His conclusory allegation of a pretextual arrest does not warrant habeas relief.  *Miller v. Johnson*, 200 F.3d at 282.

Further, the pretextual arrest issue lacks merit.  In *United States v. Causey*, 834 F.2d 1179 (5th Cir. 1987), police officers arrested the defendant pursuant to an arrest warrant for failure to appear in court.  Their only reason for the arrest was to question him about a robbery that they suspected he committed.  *Id.* at 1180.  The Fifth Circuit rejected the defendant's argument that the pretextual arrest and subsequently obtained confession violated his Fourth Amendment rights.  It held that "so long as police do no more than they are objectively authorized and legally permitted to do, their motives in doing so are irrelevant and hence not subject to inquiry." *Id.* at 1184.

Even if Petitioner's arrest pursuant to the warrant was a pretext to question him about the robbery, he has not shown a Fourth Amendment violation, or that the state court unreasonably rejected this claim of ineffective assistance of counsel.

## C.     <u>Invocation of Right to Remain Silent</u>

Petitioner contends that even though he remained silent when he was initially interrogated by a detective, the detective continued to ask questions for about one hour until Petitioner gave a statement, and that counsel failed to raise this issue.  (Doc. 3 at 11-12.)

A person undergoing custodial interrogation by police has the right to an attorney and the right to remain silent. *Hopper v. Dretke*, 106 F. App'x 221, 230 (5th Cir. 2004). Police must honor a person's unambiguous invocation of those rights. *Id*. To be effective, the invocation of those rights must be unambiguous, and the right to silence is not unambiguously invoked simply by staying silent. *Berghuis v. Thompkins*, 560 U.S. 370, 381-82 (2010).

According to the state record, Detective Kenneth Penrod testified that he began interrogating Petitioner at 10 P.M. (Doc. 14-6 at 15.) Petitioner did not respond to questions other than to state at one point that he was with his girlfriend, and that the police needed to talk to her. (*Id*. at 35.) At about 11 P.M., he gave a statement about the capital murder offense. (*Id*. at 18, 35.) He had not asked for an attorney, and he did not ask to terminate the interrogation. (*Id*. at 19.) The trial court determined that the statements were voluntary and admissible. (*Id*. at 53; doc. 13-9 at 1-2.)

In a sworn affidavit submitted at the state habeas level, defense counsel stated that testimony at a hearing on the admissibility of Petitioner's custodial statements showed that he was initially silent, but then he started talking and gave three statements. (Doc. 17-9 at 116.) Petitioner never asked for an attorney. (*Id*.) The state habeas court found that counsel was credible, that counsel determined that the statements were legal, and that Petitioner did not show he received ineffective assistance of counsel. (*Id*. at 103, 106-108.)

Petitioner has not shown that he unambiguously invoked his right to remain silent. *See Berghuis v. Thompkins*, 560 U.S. at 381-82 (defendant's silence for almost three hours during a custodial interrogation was not an unambiguous invocation of the right to remain silent). He has not shown that the state court unreasonably rejected this claim of ineffective assistance of counsel. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (holding that the failure to make meritless

objections or motions does not constitute deficient performance).  He has not shown that the state court's rejection of this claim was unreasonable.

**D.**     **Concession of Guilt of Murder**

Petitioner contends that counsel conceded during closing argument that Petitioner was guilty of murder.  He asserts counsel made this concession without consulting him and obtaining his consent.

The decision to plead guilty must be the defendant's.  *Florida v. Nixon*, 543 U.S. 175, 187 (2004).  A concession of guilt following a plea of not guilty is not the functional equivalent of a guilty plea.  *Id*. at 188.  When defense counsel concedes guilt, the defendant retains the rights of an accused in a criminal trial.  *Id*.  The State must prove the offense beyond a reasonable doubt, counsel can seek to exclude evidence, and counsel can focus on the punishment phase.  *Id*.  When defense counsel makes the strategic decision to concede guilt, counsel must explain that strategy to the defendant, but the defendant's consent to that strategy is not required.  *Id*. at 189.

Counsel's affidavit stated:

> Applicant's last complaint is that I conceded guilt against his wishes.  We talked about this for weeks if not months.  The evidence against him, DNA in the dead victim, his statement to the police, and the testimony of the husband of the victim was overwhelming.  The only chance he had was to be found guilty of a lesser included offense.  The only argument we could make was that the co-defendant accidently killed the victim while trying to wash away the evidence of sexual assault.  That was difficult since they tried to kill the husband before they left.

(Doc. 17-9 at 116.)  The state habeas court concluded that Petitioner did not show he received ineffective assistance of counsel.  (*Id*. at 106-108.)

Based on the State's evidence, counsel made the strategic decision to concede guilt of the lesser offense of felony murder, which did not require the intent to kill, and argue why Petitioner

was not guilty of capital murder, which required the intent to kill.  That was the focus of counsel's closing argument.  (Doc. 15-5 at 8-9; doc. 15-6 at 1- 7.)  Felony murder is a first-degree felony, with a minimum sentence of five years' imprisonment. Tex. Penal Code §§ 12.32(a) and 19.02(b)(3), (c). Capital murder, in a case in which the State does not seek the death penalty, has a mandatory sentence of life imprisonment.  Petitioner has not shown counsel was ineffective.  *See Haynes v. Cain*, 298 F.3d 375, 383 (5th Cir. 2002) (no ineffective assistance of counsel for conceding guilt and focusing on punishment); *Lingar v. Bowersox*, 176 F.3d 453, 458 (8th Cir. 1999) ("we conclude the decision to concede guilt of the lesser charge of second-degree murder was a reasonable tactical retreat rather than a complete surrender."); *Underwood v. Clark*, 939 F.2d 473, 474 (7th Cir. 1991) (counsel's concession of guilt of a lesser included offense was "a sound tactic when the evidence is indeed overwhelming . . . and when the count in question is a lesser count, so that there is an advantage to be gained by winning the confidence of the jury").  He has not shown that the state court unreasonably rejected this claim.

## IV.  PETITIONER'S STATEMENTS – RIGHT TO REMAIN SILENT

Petitioner contends that his statements were obtained in violation of his right to remain silent.

When a claim was dismissed by a state court pursuant to an independent and adequate state procedural rule, federal habeas review of that claim is barred unless the prisoner can establish either cause for the default as well as actual prejudice as a result of the alleged violation of federal law or that the failure to consider the claims would result in a fundamental miscarriage of justice, which requires the petitioner to establish that he is actually innocent of the offense. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Harris v. Reed,* 489 U.S. 255, 262 (1989); *Roberts v. Thaler*, 681 F.3d 597, 605 (5th Cir. 2012).  To satisfy the independent and adequate requirements, the dismissal of

a claim must clearly and expressly indicate that it rests on state grounds which bar relief, and the bar must be strictly and regularly followed by state courts and applied to the majority of similar claims. *Finley v. Johnson,* 243 F.3d 215, 218 (5th Cir. 2001), *citing Amos v. Scott,* 61 F.3d 333, 338–39 (5th Cir. 1995). A claim is procedurally defaulted if the state habeas court explicitly found that the claim could have been, but was not, raised on direct appeal, unless one of the exceptions set forth in *Coleman* has been met. *Brewer v. Quarterman,* 466 F.3d 344, 347 (5th Cir. 2006). Such a claim is procedurally barred even if the state habeas court reached the merits in the alternative. *Soria v. Johnson,* 207 F.3d 232, 249 (5th Cir. 2000).

Here, the state habeas court concluded that this ground was not cognizable because it was not, but should have been, raised on direct appeal. (Doc. 17-9 at 104-05.) On appeal, Petitioner argued that his statements were the product of an unlawful arrest. *Wiggins v. State,* 2013 WL 1395928 at *1. He did not raise an issue on appeal regarding his right to remain silent. Because this ground was denied at the state level on the basis of an independent and adequate state ground, the claim is barred from federal habeas review, unless Petitioner can show either cause and prejudice or that the failure to consider the claim on the merits would result in a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 750.

As discussed, Petitioner's claim of ineffective assistance of counsel for failing to raise this issue lacks merit because he did not show that he unambiguously invoked his right to remain silent. *See Berghuis v. Thompkins*, 560 U.S. at 381-82. He has not shown that the admission of his statements into evidence violated his right to remain silent. He does not argue, and the record does not show, he is actually innocent of the offense. Petitioner has not shown cause to excuse the procedural bar, and this claim is procedurally barred from federal review.

14

## V.  UNLAWFUL ARREST

Petitioner contends evidence was obtained from an arrest that was unlawful because it was a pretext arrest and the arrest warrant affidavit did not set out sufficient facts to support the warrant.[5]

It is well-settled that a claim that evidence obtained pursuant to an unconstitutional search and seizure was admitted at trial cannot be a basis for federal habeas relief if the state provided an opportunity for a full and fair litigation of the Fourth Amendment claim.  *Williams v. Taylor*, 529 U.S. 362, 375 (2000); *Stone v. Powell*, 428 U.S. 465, 482 (1976).  If a state has a process that allows an opportunity for full and fair litigation of Fourth Amendment claims, federal habeas review of those claims is barred, even if a defendant did not use the state process to litigate the claims. *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006).  The State of Texas does have a process that allows defendants to litigate Fourth Amendment claims at the trial level and on direct appeal.  *Register*, 681 F.3d at 628.  Consequently, his Fourth Amendment claim is barred from federal review.

## VI.  EXTRANEOUS OFFENSES

Petitioner asserts his right to a fair and impartial trial was violated by the admission of evidence of his extraneous offenses such as possession of weapons, use and sale of illegal drugs, and conspiracy to commit aggravated robbery.

Here, the state habeas court concluded that this ground was not cognizable because it was not, but should have been, raised on direct appeal.  (Doc. 17-9 at 105.)  Petitioner did not raise this issue on appeal.  *See Wiggins v. State*, 2013 WL 1395928 at *1 (setting out issues raised on appeal). Because this ground was denied at the state level on the basis of an independent and adequate state

---

[5] Respondent asserts that Petitioner's claim is procedurally barred.  A court may deny a claim on its merits in lieu of applying a procedural bar. *See Braswell v. Dretke*, 2005 WL 1058865 (N.D. Tex. May 2, 2005).

ground, the claim is barred from federal habeas review. *Brewer v. Quarterman,* 466 F.3d at 347. Petitioner does not argue, or show, that the bar should be excused on the basis of cause and prejudice, or that the failure to consider the claim on the merits would result in a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 750.

### VII.  EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary.

### VIII.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO ORDERED** this 10th day of January, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

17